William J. Honan
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200
ATTORNEYS FOR PLAINTIFF
FRED. OLSEN DRILLING AS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE JONES

| | |
|---|---|
| FRED. OLSEN DRILLING AS, | |
| Plaintiff, | 07 Civ. _____ |
| -against- | **VERIFIED COMPLAINT** |
| SERVICIOS MARITIMOS DE CAMPECHE, S.A. DE C.V. a/k/a SERVICIOS MARITIMOS DE CAMPECHA, S.A. DE C.V., | |
| Defendant. | |

07 CV 7341

Plaintiff, Fred. Olsen Drilling AS ("Plaintiff" or "Fred. Olsen"), by and through its attorneys, Holland & Knight LLP, for its verified complaint against Servicios Maritimos de Campeche S.A. de C.V. a/k/a Servicios Maritimos de Campecha, S.A. de C.V., ("Defendant" or "SMC"), alleges, upon information and belief, as follows:

1.    This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and also falls within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 in that it involves claims for the failure to return anchors, wires, and mooring equipment, and other costs arising out of the breach of a maritime contract involving the charter of a floating accommodation unit, which claim, following arbitral proceedings between the parties, was reduced to a Final Arbitration Award. Jurisdiction is also proper pursuant to

the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

2.    At all times material herein, plaintiff Fred. Olsen was and is a business entity organized and existing under the laws of Norway and maintains a place of business at Fred. Olsengate 2, N-0107, Oslo, Norway.

3.    Upon information and belief, at all times material herein, defendant SMC was and still is a business entity organized under the laws of Mexico with an address at Av. Melchor Ocampo No. 193, Torre "A," piso 11, Mexico, D.F.

4.    By a bareboat charter party dated May 28, 2003, Fred. Olsen, as owner, entered into a charterparty with SMC, as charterer of Fred. Olsen's floating accommodation unit "Borgholm Dolphin" (the "Unit") upon terms more particularly set out therein (the "Charter").

5.    Under Clause 30 of the Charter, disputes between Fred. Olsen and SMC were to be resolved by arbitration in London pursuant to English law.

6.    Disputes subsequently arose between Fred. Olsen and SMC under the Charter, as a result of which Fred. Olsen commenced an arbitration against SMC in London seeking an order for the delivery of the missing anchors, wires, and mooring equipment which SMC failed to return with the Unit upon its redelivery at the expiration of the Charter.  Alternatively Fred. Olsen sought an order that SMC reimburse Fred. Olsen costs for replacing the missing anchors, wires, and mooring equipment including the delivery of these items onboard the Unit.

7.    SMC responded to North Fred. Olsen's arbitration demand, and the parties made written submissions to a sole arbitrator through their respective legal advisors.

8.    On December 31, 2004, the London arbitrator ("Arbitrator") found in favor of Fred. Olsen, ordering SMC to return the missing anchors and failing compliance with this order, SMC will pay Fred. Olsen damages in respect to the cost of the replacement anchors ("First Partial Award"). A true and correct copy of the First Partial Award is attached hereto as Exhibit 1. The arbitrator reserved his right to deal with other issues regarding the wires and mooring equipment.

9.    As a result of the findings in the First Partial Award, the Arbitrator ordered that SMC must pay Fred. Olsen's costs (to be determined) and £3,585 for the Arbitrator's costs (which amount converts to US$7,137.74 at the published exchange rate for August 16, 2007 whereby 1 US$ = 1.991 GPB).

10.    The Arbitrator issued a second award on July 13, 2007 assessing Fred. Olsen's recoverable costs of the First Partial Award in the sum of £7,423.91 plus disbursements of £3,647.50, totaling £11,071.41 ("Second Partial Award"). A true and correct copy of the Second Partial Award is attached hereto as Exhibit 3.

11.    Accordingly, the Arbitrator awarded and ordered that SMC pay Fred. Olsen the amount of £11,071.41 (which amount converts to US$22,042.18 at the published exchange rate for August 16, 2007 whereby 1 NOK = .1692 GPB).

12.    The Arbitrator issued a final award on July 13, 2007 awarding that SMC pay Fred. Olsen £876,731 for damages arising out of SMC's failure to return the anchors, wires, and mooring equipment (which amount converts to US$1,745,571.40 at yesterday's published exchange rates) ("Final Award"). A true and correct copy of the Final Award is attached hereto as Exhibit 3.

13.    In the Final Award, the Arbitrator also ordered that SMC pay Fred. Olsen's costs

(to be determined), and £14,270 for the Arbitrator's costs (which amount converts to US$28,411.57 at yesterday's published exchange rates).

14.    The Arbitrator ordered that SMC pay interest on the damages award, Fred. Olsen's costs, and the Arbitrator's costs running from the date of the award, and is to be calculated at the rate of 7.5% per annum, "compounded with three monthly rests" (i.e., compounded quarterly).

15.    On August 8, 2007 Fred. Olsen provided SMC with an estimate of its costs to date which amount to NOK 339,700 (consisting of NOK 335,500 for legal costs and NOK 4,200 in disbursement) (which amounts convert to a total of US$57,47724).  A true and correct copy of the August 8, 2007 from Fred. Olsen to SMC is attached hereto as Exhibit 4.

16.    Upon information and belief, a reasonable cost estimate of additional costs that will be expended by Fred. Olsen to resolve this matter is US$12,000 during the course of one year.

17.    The total amount sought by Plaintiff to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims against Defendant SMC include:

Damages award:            US$1,745,571.40

Arbitrator's costs:        US$    29,179.92 (US$ 7,137 + US $22,042.18)

Fred. Olsen's estimated costs: US$    69,477.24 (US$ 57,477.24 + US$ 12,000)

                          US$1,844,228.50

**Total claim of:              US$1,949,923.59**
(inclusive of interest for one year calculated at 7.5% compounded quarterly)

14.    Upon information and belief, and after investigation, SMC is not found within the Southern District of New York but does have assets, good or chattels within the jurisdiction,

to wit: funds or accounts held in the name (or names) of Servicios Maritimos de Campeche S.A. de C.V. a/k/a Servicios Maritimos de Campecha, S.A. de C.V. with, upon information and belief, the following financial institutions:  Bank of America, N.A.; Bank of China; The Bank of New York; Citibank, N.A.; Deutsche Bank Trust Company Americas; HSBC Bank USA, N.A.; JPMorgan Chase Bank, N.A.; UBS AG; Wachovia Bank, N.A.; Société Générale; Standard Chartered Bank; BNP Paribas; Calyon Investment Bank; American Express Bank; Commerzbank; ABN Amro Bank; Bank Leumi USA; Fortis Financial Groups; Banco Popular; Bank of Tokyo-Mitsubishi UFJ Ltd. or any other financial institution within the Southern District of New York.

15.     The New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* provides that foreign arbitral awards may be recognized and enforced as judgments of the United States. Accordingly, the final arbitration award is entitled to summary recognition and enforcement as a judgment of this Court.

**WHEREFORE**, Fred. Olsen demands judgment as follows:

A.     That process in due form of law according to the practice of this Court in the form of a writ of maritime attachment be issued against bank accounts and other property of Defendant SMC with the financial institutions noted above in paragraph 14;

B.     That Defendant SMC and any other person claiming an interest therein may be cited to appear and answer the matters aforesaid;

C.     That judgment be entered in favor of Plaintiff Fred. Olsen and against Defendant SMC in the amount of US$1,949,923.59 (including estimated interest);

D.     That the final arbitration award be recognized as a Judgment of this Court

pursuant to 9 U.S.C. §201 *et seq.;* and

  E.  That this Court grant Fred. Olsen such other and further relief which it may deem

just and proper.


Dated: New York, New York
   August 16, 2007


       HOLLAND & KNIGHT LLP


       By: _____
        William J. Honan
        Lissa D. Schaupp
        195 Broadway
        New York, NY 10007-3189
        Tel: (212) 513-3200
        Fax: (212) 385-9010

       *Attorneys for Plaintiff Fred. Olsen Drilling AS*

**VERIFICATION**

STATE OF NEW YORK   )
           :ss.:
COUNTY OF NEW YORK  )

WILLIAM J. HONAN, being duly sworn, deposes and says:

  I am a member of the firm of Holland & Knight LLP, counsel for Fred. Olsen Drilling

AS, plaintiff in the foregoing action.  I have read the foregoing Verified Complaint and know the

contents thereof, and the same are true and correct to the best of my knowledge.  I have reviewed

documentation provided to me by Fred. Olsen Drilling AS and corresponded with Fred. Olsen

Drilling AS representatives regarding this matter.  I am authorized by Fred. Olsen Drilling AS to

make this verification, and the reason for my making it as opposed to an officer or director of

Fred. Olsen Drilling AS is that there are none within the jurisdiction of this Honorable Court.

_____
William J. Honan

Sworn to before me this
16th day of August, 2007

_____
Notary Public

# 4728256_v1

RUDY D. GREEN
Notary Public, State of New York
No. 02GR4052723
Qualified in Queens County
Certificate Filed in New York County
Commission Expires February 26, 2010

# EXHIBIT 1

IN THE MATTER OF THE ARBITRATION ACT 1996

AND IN THE MATTER OF AN ARBITRATION

B E T W E E N :-


Fred Olsen Drilling AS


　　　　　　　　　　　　　　　　　　　　　　　Claimants

-and-


Servicios Maritimos de Campecha, S.A. de C.V.

　　　　　　　　　　　　　　　　　　　　　Respondents
　　　　　　　　　　　　　　　　　　　　(Time Charterers)


Borgholm Dolphin
Charterparty 28.05.2003
_____


PARTIAL AWARD

_____


WHEREAS:-

1.　　By a bareboat charterparty dated 24th May, the Claimants as owners ("Owners")

　　　chartered their accommodation unit Borgholm Dolphin ("the Unit") to the

Respondents as charterers ("Charterers") upon terms more particularly set out therein.

2.    The said charterparty further provided, by Clause 30, for any disputes between the parties to be resolved by arbitration in London in the manner therein specified, with English law to apply. Disputes having arisen, further details of which are set out below and in the Reasons attached to and forming a part of this Partial Award, in the event the parties agreed that the undersigned Michael Baker-Harber at the time of 25 Ives Street, London SW3 2ND now of 14 Cheyne Gardens, London SW3 5QT should act as sole arbitrator. The seat of this arbitration is England.

2.    The dispute referred to me related to the Unit's anchors and mooring equipment which Owners said the Charterers had failed to return with the Unit upon redelivery at the expiry of the charterparty. Owners sought:-

1. An order for the delivery up of the missing anchors and wires in a contractual condition aboard the Unit in Belfast within 30 days alternatively an order that the Charterers reimburse the Owners costs of replacing the anchors, wires, appurtenances including delivery onboard the Unit.

2. Interest on sums expended in replacement (if necessary) from the date thereof.

3. Legal costs.

3.    The parties made written submissions to me thought their legal advisors. Neither requested an oral hearing.

(A)    **NOW I** the said Michael Baker-Harber having taken upon myself the burden of this reference as sole arbitrator, having carefully and conscientiously considered the materials before me **DO HEREBY MAKE ISSUE AND PUBLISH** this my **PARTIAL AWARD** namely:-

(i)    **I ORDER** the Charterers do return the missing Stevpris anchors in a contractual condition to the Unit in Belfast within a period to be determined hereafter.

(ii)   Failing compliance with such order as I may finally make, the Charterers will pay damages to and/or indemnify Owners in respect of the cost of replacement anchors.

(iii)  I reserve unto myself the right to deal with all other issues in the reference, including those relating to mooring "wires", "systems" or "appurtenances".

(B)    **I FURTHER AWARD AND ADJUDGE** that Charterers shall bear their own and pay Owners' recoverable costs of this Award (to be assessed by me or the High Court in Owners' option if not agreed) together with interest calculated at the rate of 5.5 per cent per annum, compounded with three monthly rests, running from the date of this Award until payment. Charterers will also pay my own costs of £3,585, provided always that if the Owners in the first instance shall have paid my said costs they shall be entitled to immediate reimbursement by the Charterers together with interest calculated at the rate of 5.5 per cent per annum, but

compounded with three monthly rests, running from the date of payment until the date of reimbursement.

Given under my hand this 31st day of December 2004

_____
Michael Baker-Harber

_____
Witness

# EXHIBIT 2

<u>IN THE MATTER OF THE ARBITRATION ACT 1996</u>

<u>AND IN THE MATTER OF AN ARBITRATION</u>

<u>B E T W E E N :-</u>

Fred Olsen Drilling AS

<u>Claimants</u>
(Owners)

-and-

Servicios Maritimos de Campecha, S.A. de C.V.

<u>Respondents</u>
(Charterers)

<u>Borgholm Dolphin</u>
<u>Charterparty 28th May 2003</u>

SECOND PARTIAL AWARD

<u>WHEREAS:-</u>

1.   By a bareboat charterparty dated 28th May, the Claimants as owners ("Owners")
     chartered their accommodation unit Borgholm Dolphin ("the Unit") to the
     Respondents as charterers ("Charterers") upon terms more particularly set out
     therein.

2.    The said charterparty further provided, by Clause 30, for any disputes between the parties to be resolved by arbitration in London in the manner therein specified, with English law to apply. Disputes having arisen, further details of which are set out below and in the Reasons attached to and forming a part of this Final Award, in the event the parties agreed that the undersigned Michael Baker-Harber of 14 Cheyne Gardens, London SW3 5QT should act as sole arbitrator. The seat of this arbitration is England.

3.    The dispute referred to me related to the Unit's anchors and mooring equipment which Owners said the Charterers had failed to return with the Unit upon redelivery at the expiry of the charterparty. Owners initially sought:-

1. An order for the delivery up of the missing anchors and wires in a contractual condition aboard the Unit in Belfast within 30 days alternatively an order that the Charterers reimburse the Owners costs of replacing the anchors, wires, appurtenances including delivery onboard the Unit.

2. Interest on sums expended in replacement (if necessary) from the date thereof.

3. Legal costs.

4.    By my Partial Award dated 31st December 2004 I made the following:-

(i)    **I ORDER** the Charterers do return the missing Stevpris anchors in a contractual condition to the Unit in Belfast within a period to be determined hereafter.

(ii)    Failing compliance with such order as I may finally make, the Charterers will pay damages to and/or indemnify Owners in respect of the cost of <u>replacement anchors</u>.

(iii)    I reserve unto myself the right to deal with all other issues in the reference, including those relating to mooring "wires", "systems" or "appurtenances".

5.    I also ordered that the Charterers should pay the Owners' recoverable costs of that Award to be assessed by me if not agreed together with interest calculated at the rate of 5.5 per cent per annum compounded with three monthly rests running from the date of the Award until payment.

6.    Owners on 17th January 2005 submitted a schedule of costs putting forward fees based on time spent of 34 hours 15 minutes @ NOK2,500.00 for a total of NOK85,375.00 plus disbursements of £3,647.50.

7.    Charterers have made no comment upon the level of the costs claimed and in my view they are reasonable.

A    ACCORDINGLY I DO HEREBY ASSESS the Owners' costs of the First Partial Award in the sum of £7,423.91 (at an exchange rate £1 = NOK11.50) plus disbursements of £3,647.50 equals £11,071.41.

B    ACCORDINGLY I AWARD AND ADJUDGE THAT Charterers do pay to Owners the said sum of £11,071.41 together with interest on the said sum

calculated at the rate of 5.5 per cent per annum compounded with three monthly rests running from 31st December 2004 until payment.

Given under my hand this 13th day of July 2007

_____                    _____
Michael Baker-Harber                                        Witness

# EXHIBIT 3

**IN THE MATTER OF THE ARBITRATION ACT 1996**

**AND IN THE MATTER OF AN ARBITRATION**

**B E T W E E N :-**


**Fred Olsen Drilling AS**

**Claimants**
(Owners)

-and-


**Servicios Maritimos de Campecha, S.A. de C.V.**

**Respondents**
(Charterers)

**Borgholm Dolphin**
**Charterparty 28th May 2003**

---------------------------------------------------

**FINAL AWARD**

---------------------------------------------------


**WHEREAS:-**

1.   By a bareboat charterparty dated 28th May, the Claimants as owners ("Owners") chartered their accommodation unit Borgholm Dolphin ("the Unit") to the Respondents as charterers ("Charterers") upon terms more particularly set out therein.

2.    The said charterparty further provided, by Clause 30, for any disputes between the parties to be resolved by arbitration in London in the manner therein specified, with English law to apply. Disputes having arisen, further details of which are set out below and in the Reasons attached to and forming a part of this Final Award, in the event the parties agreed that the undersigned Michael Baker-Harber of 14 Cheyne Gardens, London SW3 5QT should act as sole arbitrator. The seat of this arbitration is England.

3.    The dispute referred to me related to the Unit's anchors and mooring equipment which Owners said the Charterers had failed to return with the Unit upon redelivery at the expiry of the charterparty. Owners initially sought:-

1. An order for the delivery up of the missing anchors and wires in a contractual condition aboard the Unit in Belfast within 30 days alternatively an order that the Charterers reimburse the Owners costs of replacing the anchors, wires, appurtenances including delivery onboard the Unit.

2. Interest on sums expended in replacement (if necessary) from the date thereof.

3. Legal costs.

4.    By my Partial Award dated 31st December 2004 I made the following:-

(i)    **I ORDER** the Charterers do return the missing Stevpris anchors in a contractual condition to the Unit in Belfast within a period to be determined hereafter.

(ii)    Failing compliance with such order as I may finally make, the Charterers will pay damages to and/or indemnify Owners in respect of the cost of <u>replacement anchors</u>.

(iii)    I reserve unto myself the right to deal with all other issues in the reference, including those relating to mooring "wires", "systems" or "appurtenances".

5.    The Owners subsequently came back to me seeking a further Award for damages in the sum of £1,423,571 in respect of the Charterers' failure to return the anchors (despite my order) mooring wires and appurtenances.

6.    The parties duly appeared before me at 20 Essex Street, London WC2R 3AL on 5th and 6th July 2007 represented by counsel instructed by solicitors.   Oral evidence was given and documentary evidence was placed before me.   I was asked to make a reasoned award and my reasons are attached hereto and form part of this my Final Award.

A    NOW I the said Michael Baker-Harber having taken upon myself the burden of this reference   as sole arbitrator and having carefully and conscientiously considered the submissions and evidence before me DO HEREBY MAKE ISSUE AND PUBLISH this my FINAL AWARD namely:-

B    I FIND AND HOLD that Owners' claim SUCCEEDS but in the reduced amount of £876,731

C    ACCORDINGLY I AWARD AND ADJUDGE that Charterers do forthwith PAY

to Owners the said sum of £876,731 (Eight Hundred and Seventy-Six Thousand

Seven Hundred and Thirty-One Pounds Sterling) together with interest on the said

sum calculated at the rate of 7.5 per cent per annum, compounded with three

monthly rests, running for 15th June 2005 until payment.


D    I FURTHER AWARD AND ADJUDGE that Charterers shall bear their own and

pay Owners' costs in the reference (if not agreed to be assessed by me, for which

purpose I hereby reserve jurisdiction) together with interest on such costs

calculated at the rate of 7.5 per cent per annum compounded with three monthly

rests, running from the date this Award until payment.


E    Charterers shall also pay my costs of £14,270 provided always that if Owners in

the first instance shall have paid all or any part of my said costs they shall be

entitled to prompt reimbursement by Charterers of any sum so paid together with

interest calculated at the rate of 7.5 per cent per annum compounded with three

monthly rests running from the date they have made such payment until they are

reimbursed.


Given under my hand this 13th day of July 2007


_____        _____

        Michael Baker-Harber                                Witness

# EXHIBIT 4

**Nordisk Legal Services**

Georg Scheel, adm.direktør, advokat (H)
Karl-Johan Gombrii, direktør, advokat
Frode Grotmol, direktør, advokat (H)
Knut Erling Øyehaug, advokat
Lasse Brautaset, attorney, USA
Lasse Hagen, advokat
Trond Solvang, advokat
Susan Clark, attorney, USA
Bernard Glicksman, solicitor, England
Michael Brooks, solicitor, England
Henrik Aadnesen, advokat
Magne Andersen, advokat
Joanna Grant, barrister, England
Caroline Jahre Hegna, advokatfullmektig
Anders Evje, advokatfullmektig
Karl Even Rygh, advokat
Maria Hempel, advokatfullmektig

**Nordisk Defence Club (Singapore) Pte. Ltd.**
Egil André Berglund, advokat

Ince & Co.
International House
1 St. Katharine's Way
UK-LONDON  E1W 1UN

Attention: S Fox/F Foo/V Waite
Ref.: SCF/FF/VCLW/8212/8491

TELEFAX:  +44 20 7481 4968

Your ref.:                    Our case no.: 20041051 S        Date: 8 August 2007

*Please quote case no. in all correspondence*

**WITHOUT PREJUIDCE**

**BORGHOLM DOLPHIN**

Thank you for your fax of 6 August 2007. We are happy to try and resolve the issue
of costs promptly, but given the request for the schedule of costs by today we have
insufficient time to provide this in the detailed form that might be required on a full
assessment. However having looked at our costs records we can provide the following
information.

Hours: 64 hrs @ NOK 2,500 per hour =      NOK 152,500
61 hrs @ NOK NOK 3,000 per hour =      NOK 183,000
Total time                                NOK 335,500

(Our charging rates changed on 1 July 2007 hence the cost differential.)

Disbursements:
London Offshore Consultants          GBP  6,548.80
Counsel                              GBP 14,159.30
Stephenson Harwood                   GBP  3,930.50
Couriers                             NOK  5,014.92
Travel: MB to London                 NOK  7,535.61
Photocopying 7x600  @ NOK 1 per page NOK  4,200.00

As our accountant is currently on vacation these figures may change slightly. For
example re the travel costs these may prove higher if all the various expense claims
have not worked their way through.

We trust this is helpful.

Yours faithfully,
**Nordisk Legal Services**

Michael Brooks

P.O. Box 3033 Elisenberg, N-0207 Oslo, Norway, Visiting address: Kristinelundveien 22, Telephone: +47 22 13 56 00. Telefax: +47 22 43 00 35
E-mail: post@nordisk.no, Web site: www.nordisk.no, Enterprise number: NO 838111092 MVA, Bank: DnbNOR A/C NO04 5001.05.70589