William J. Honan
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200
ATTORNEYS FOR PLAINTIFF
FRED. OLSEN DRILLING AS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRED. OLSEN DRILLING AS,

Plaintiff,

-against-

SERVICIOS MARITIMOS DE CAMPECHE, S.A. DE C.V. a/k/a SERVICIOS MARITIMOS DE CAMPECHA, S.A. DE C.V.,

Defendant.

---

07 Civ. 7341 (BSJ)

**AMENDED**
**VERIFIED COMPLAINT**



Plaintiff, Fred. Olsen Drilling AS ("Plaintiff" or "Fred. Olsen"), by and through its attorneys, Holland & Knight LLP, for its verified complaint against Servicios Maritimos de Campeche S.A. de C.V. a/k/a Servicios Maritimos de Campecha, S.A. de C.V., ("Defendant" or "SMC"), alleges, upon information and belief, as follows:

1.   This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and also falls within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 in that it involves claims for the failure to return anchors, wires, and mooring equipment, and other costs arising out of the breach of a maritime contract involving the charter of a floating accommodation unit, which claim, following arbitral proceedings between the parties, was reduced to a Final Arbitration Award. Jurisdiction is also proper pursuant to

the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

2. At all times material herein, plaintiff Fred. Olsen was and is a business entity organized and existing under the laws of Norway and maintains a place of business at Fred. Olsengate 2, N-0107, Oslo, Norway.

3. Upon information and belief, at all times material herein, defendant SMC was and still is a business entity organized under the laws of Mexico with an address at Av. Melchor Ocampo No. 193, Torre "A," piso 11, Mexico, D.F.

4. By a bareboat charter party dated May 28, 2003, Fred. Olsen, as owner, entered into a charterparty with SMC, as charterer of Fred. Olsen's floating accommodation unit "Borgholm Dolphin" (the "Unit") upon terms more particularly set out therein (the "Charter").

5. Under Clause 30 of the Charter, disputes between Fred. Olsen and SMC were to be resolved by arbitration in London pursuant to English law.

6. Disputes subsequently arose between Fred. Olsen and SMC under the Charter, as a result of which Fred. Olsen commenced an arbitration against SMC in London seeking an order for the delivery of the missing anchors, wires, and mooring equipment which SMC failed to return with the Unit upon its redelivery at the expiration of the Charter. Alternatively Fred. Olsen sought an order that SMC reimburse Fred. Olsen costs for replacing the missing anchors, wires, and mooring equipment including the delivery of these items onboard the Unit.

7. SMC responded to North Fred. Olsen's arbitration demand, and the parties made written submissions to a sole arbitrator through their respective legal advisors.

8.  On December 31, 2004, the London arbitrator ("Arbitrator") found in favor of Fred. Olsen, ordering SMC to return the missing anchors and failing compliance with this order, SMC will pay Fred. Olsen damages in respect to the cost of the replacement anchors ("First Partial Award"). A true and correct copy of the First Partial Award is attached hereto as Exhibit 1. The arbitrator reserved his right to deal with other issues regarding the wires and mooring equipment.

9.  As a result of the findings in the First Partial Award, the Arbitrator ordered that SMC must pay Fred. Olsen's costs (to be determined) and £3,585 for the Arbitrator's costs (which amount converts to US$7,137.74 at the published exchange rate for August 16, 2007 whereby 1 US$ = 1.991 GPB).

10. The Arbitrator issued a second award on July 13, 2007 assessing Fred. Olsen's recoverable costs of the First Partial Award in the sum of £7,423.91 plus disbursements of £3,647.50, totaling £11,071.41 ("Second Partial Award"). A true and correct copy of the Second Partial Award is attached hereto as Exhibit 2.

11. Accordingly, the Arbitrator awarded and ordered that SMC pay Fred. Olsen the amount of £11,071.41 (which amount converts to US$22,042.18 at the published exchange rate for August 16, 2007), together with interest on this amount to be calculated at 5.5% per annum "with three monthly rests" (i.e. compounded quarterly), running from December 31, 2004.

12. The Arbitrator issued a final award on July 13, 2007 awarding that SMC pay Fred. Olsen £876,731 for damages arising out of SMC's failure to return the anchors, wires, and mooring equipment (which amount converts to US$1,745,571.40 at the published exchange rate for August 16, 2007), together with interest on this amount calculated at the rate of 7.5% per annum, compounded quarterly and running from June 15, 2005 until payment ("Final Award").

A true and correct copy of the Final Award is attached hereto as Exhibit 3.

13. In the Final Award, the Arbitrator also ordered that SMC pay £14,270 for the Arbitrator's costs (which amount converts to US$28,411.57 at the published exchange rate for August 16, 2007), together with interest on this amount to be calculated at the rate of 7.5% per annum compounded quarterly. The issue of the parties' legal costs and disbursements was reserved for a later day.

14. Accordingly, on August 8, 2007 Fred. Olsen provided SMC with an estimate of its costs to date which amount to NOK 339,700 (consisting of NOK 335,500 for legal costs and NOK 4,200 in disbursements) (which converts to a total of US$57,477.24). A true and correct copy of the August 8, 2007 from Fred. Olsen to SMC is attached hereto as Exhibit 4.

15. Upon information and belief, it will take approximately one year to ultimately resolve this matter. A reasonable cost estimate of additional costs that will be expended by Fred. Olsen in resolving this matter during the course of that year is US$12,000.

16. The total amount sought by Plaintiff to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims against Defendant SMC include:

| | | |
|---|---|---|
| Fred Olsen's Costs (Second Partial Award) | US$ 26,937.47 | (US$ 22,042.18 with 5.5% interest for Dec. 31, 2004 – Sept. 1, 2008). |
| Damages Award: (Final Award) | US$2,216,147.41 | (US$ 1,745,571.40 with 7.5% interest for June 15, 2005 – Sept. 1, 2008). |
| Arbitrator's costs: (First Partial Award) | US$ 8,722.04 | (US$ 7,137 with 5.5% interest for Dec. 31, 2004 – Sept. 1, 2008) |
| Arbitrator's costs: (Final Award) | US$ 30,914.97 | (US.$ 28,411.57 with 7.5% interest for July 13, 2007 – Sept. 1, 2008 |

| | | | |
|---|---|---|---|
| Fred. Olsen's Remaining Estimated Costs (Exh. 4): | US$ | 75,599.03 | (US$ 57,477.24 + US$ 12,000 = 69,477.24 with 7.5% interest for July 13, 2007 – Sept. 1, 2008) |
| **Total claim of:** | **US$2,358,320.70** | | |

17. Upon information and belief, and after investigation, SMC is not found within the Southern District of New York but does have assets, good or chattels within the jurisdiction, to wit: funds or accounts held in the name (or names) of Servicios Maritimos de Campeche S.A. de C.V. a/k/a Servicios Maritimos de Campecha, S.A. de C.V. with, upon information and belief, the following financial institutions: Bank of America, N.A.; Bank of China; The Bank of New York; Citibank, N.A.; Deutsche Bank Trust Company Americas; HSBC Bank USA, N.A.; JPMorgan Chase Bank, N.A.; UBS AG; Wachovia Bank, N.A.; Société Générale; Standard Chartered Bank; BNP Paribas; Calyon Investment Bank; American Express Bank; Commerzbank; ABN Amro Bank; Bank Leumi USA; Fortis Financial Groups; Banco Popular; Bank of Tokyo-Mitsubishi UFJ Ltd. or any other financial institution within the Southern District of New York.

18. The New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* provides that foreign arbitral awards may be recognized and enforced as judgments of the United States. Accordingly, the final arbitration award is entitled to summary recognition and enforcement as a judgment of this Court.

**WHEREFORE**, Fred. Olsen demands judgment as follows:

A. That process in due form of law according to the practice of this Court in the form

of a writ of maritime attachment be issued against bank accounts and other property of Defendant SMC with the financial institutions noted above in paragraph 17;

B.  That Defendant SMC and any other person claiming an interest therein may be cited to appear and answer the matters aforesaid;

C.  That judgment be entered in favor of Plaintiff Fred. Olsen and against Defendant SMC in the amount of US$2,358,320.70 (including estimated interest);

D.  That the final arbitration award be recognized as a Judgment of this Court pursuant to 9 U.S.C. §201 *et seq.;* and

E.  That this Court grant Fred. Olsen such other and further relief which it may deem just and proper.

Dated: New York, New York
August 21, 2007

HOLLAND & KNIGHT LLP

By: _____
William J. Honan
Lissa D. Schaupp
195 Broadway
New York, NY 10007-3189
Tel:   (212) 513-3200
Fax:  (212) 385-9010

*Attorneys for Plaintiff Fred. Olsen Drilling AS*

## **VERIFICATION**

STATE OF NEW YORK            )
                             :ss.:
COUNTY OF NEW YORK           )

WILLIAM J. HONAN, being duly sworn, deposes and says:

I am a member of the firm of Holland & Knight LLP, counsel for Fred. Olsen Drilling AS, plaintiff in the foregoing action. I have read the foregoing Verified Complaint and know the contents thereof, and the same are true and correct to the best of my knowledge. I have reviewed documentation provided to me by Fred. Olsen Drilling AS and corresponded with Fred. Olsen Drilling AS representatives regarding this matter. I am authorized by Fred. Olsen Drilling AS to make this verification, and the reason for my making it as opposed to an officer or director of Fred. Olsen Drilling AS is that there are none within the jurisdiction of this Honorable Court.

_____
William J. Honan

Sworn to before me this
21st day of August, 2007

_____
Notary Public

\# 4743201_v1

Elvin Ramos
Notary Public, State of New York
NO. 01RA4870243
Qualified in Queens County
Certificate filed in New York County
Commission Expires September 2, 2010

7